# Exhibit 1

Exhibit 1 - Page 1

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHNSON & JOHNSON CONSUMER INC., a Corporation; and Does 1
through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANDREA SALAZAR, CHRISTINA JOHNSON, JOSE GARCIA, TROY HARRIS and
BEDIAKO ADDO, individuals, on behalf of themselves and on behalf of all persons
similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 8 2018

Sherri R. Carter, executive Officer/Clerk.
By: Glorietta Robinson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de CaliforniaLegal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES Central - Stanley Mosk Courthouse 111 N. Hill St., Los Angeles, CA 90012 | BC 7 0 2 4 6 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal Nordrehaugh Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: APR 1 8 2018    SHERRI R. CARTER    Clerk, by _____ Glorietta Robinson, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*    JOHNSON & JOHNSON CONSUMER INC.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exhibit 1 - Page 2

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 18 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANDREA SALAZAR, CHRISTINA JOHNSON, JOSE GARCIA, TROY HARRIS and BEDIAKO ADDO, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON CONSUMER INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No._____ BC 7 02 4 6 8<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>4. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br>8. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

BY FAX

Exhibit 1 - Page 3

Plaintiffs Andrea Salazar, Christina Johnson, Jose Garcia, Troy Harris and Bediako Addo ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.       Defendant Johnson & Johnson Consumer Inc. ("DEFENDANT") is a corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.       DEFENDANT produces and markets over-the-counter products to families, children, healthcare professionals, and other consumers. The company offers the tylenol product line that consists of products across various pain categories, including arthritis pain, pain with accompanying sleeplessness, and symptoms of cold and flu in the adult and pediatric categories. It provides OTC products for relief of pain and fever, cold and flu, sinus and allergy, digestive health, sleeplessness, hair/scalp care, and children care.  DEFENDANT was founded in 1879 and operates as a subsidiary of Johnson & Johnson.

3.       Plaintiff Salazar was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from March of 2008 to June of 2017. Plaintiff Salazar was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.       Plaintiff Johnson was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from June of 2004 to June of 2017. Plaintiff Johnson was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

5.       Plaintiff Garcia was employed by DEFENDANT in California as a non-exempt

2

CLASS ACTION COMPLAINT

Exhibit 1 - Page 4

1    employee entitled to overtime pay and meal and rest periods from March of 2007 to April of
2    2017. Plaintiff Garcia was at all times relevant mentioned herein classified by DEFENDANT
3    as a non-exempt employee paid in whole or in part on an hourly basis and received additional
4    compensation from DEFENDANT in the form of non-discretionary incentive wages.

5        6.      Plaintiff Harris was employed by DEFENDANT in California as a non-exempt
6    employee entitled to overtime pay and meal and rest periods from May of 2011 to April of
7    2017. Plaintiff Harris was at all times relevant mentioned herein classified by DEFENDANT
8    as a non-exempt employee paid in whole or in part on an hourly basis and received additional
9    compensation from DEFENDANT in the form of non-discretionary incentive wages.

10       7.      Plaintiff Addo was employed by DEFENDANT in California as a non-exempt
11   employee entitled to overtime pay and meal and rest periods from 2013 to October of 2017.
12   Plaintiff Addo was at all times relevant mentioned herein classified by DEFENDANT as a non-
13   exempt employee paid in whole or in part on an hourly basis and received additional
14   compensation from DEFENDANT in the form of non-discretionary incentive wages.

15       8.      PLAINTIFFS bring this Class Action on behalf of themselves and a California
16   class, defined as all individuals who are or previously were employed by DEFENDANT in
17   California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time
18   during the period beginning four (4) years prior to the filing of this Complaint and ending on
19   the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

20       9.      PLAINTIFFS bring this Class Action on behalf of themselves and a
21   CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses
22   incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy
23   and practice which failed to lawfully compensate these employees for all their overtime worked.
24   DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive
25   business practice whereby DEFENDANT retained and continues to retain wages due
26   PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the
27   other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
28

1  DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the

2  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and

3  current unlawful conduct, and all other appropriate legal and equitable relief.

4        10.    The true names and capacities, whether individual, corporate, subsidiary,

5  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

6  unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names

7  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint

8  to allege the true names and capacities of Does 1 through 50, inclusive, when they are

9  ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief

10  allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive,

11  are responsible in some manner for one or more of the events and happenings that proximately

12  caused the injuries and damages hereinafter alleged.

13        11.    The agents, servants and/or employees of the Defendants and each of them acting

14  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

15  agent, servant and/or employee of the Defendants, and personally participated in the conduct

16  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

17  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

18  all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the

19  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

20  Defendants' agents, servants and/or employees.

21

22                         **THE CONDUCT**

23        12.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

24  to fail to accurately calculate and pay PLAINTIFFS and the other members of the

25  CALIFORNIA CLASS for their overtime worked. DEFENDANT unlawfully and unilaterally

26  failed to accurately calculate wages for overtime worked by PLAINTIFFS and other members

27  of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime

28

1    compensation. As a result, PLAINTIFFS and the other members of the CALIFORNIA CLASS

2    forfeited wages due them for working overtime without compensation at the correct overtime

3    rates.    DEFENDANT's uniform policy and practice to not pay the members of the

4    CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with

5    applicable law is evidenced by DEFENDANT's business records.

6        13.    State law provides that employees must be paid overtime at one-and-one-half

7    times their "regular rate of pay." PLAINTIFFS and other CALIFORNIA CLASS Members

8    were compensated at an hourly rate plus incentive pay that was tied to specific elements of an

9    employee's performance.

10        14.    The second component of PLAINTIFFS' and other CALIFORNIA CLASS

11    Members' compensation was DEFENDANT's non-discretionary incentive program that paid

12    PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their

13    performance for DEFENDANT.  The non-discretionary incentive program provided all

14    employees paid on an hourly basis with incentive compensation when the employees met the

15    various performance goals set by DEFENDANT. However, when calculating the regular rate

16    of pay in order to pay overtime to PLAINTIFFS and other CALIFORNIA CLASS Members,

17    DEFENDANT failed to include the incentive compensation as part of the employees' "regular

18    rate of pay" for purposes of calculating overtime pay. Management and supervisors described

19    the incentive program to potential and new employees as part of the compensation package. As

20    a matter of law, the incentive compensation received by PLAINTIFFS and other CALIFORNIA

21    CLASS Members must be included in the "regular rate of pay." The failure to do so has

22    resulted in a systematic underpayment of overtime compensation to PLAINTIFFS and other

23    CALIFORNIA CLASS Members by DEFENDANT.

24        15.    In violation of the applicable sections of the California Labor Code and the

25    requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

26    a matter of company policy, practice and procedure, intentionally and knowingly failed to

27    compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct

28

5

CLASS ACTION COMPLAINT

Exhibit 1 - Page 7

rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

16.    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFFS and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

17.    During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFFS and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts of ten (10) hours or more. PLAINTIFFS and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

6
CLASS ACTION COMPLAINT

Exhibit 1 - Page 8

18.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

19.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required to use their personal cell phones for DEFENDANT and PLAINTIFFS and other CALIFORNIA CLASS Members were not reimbursed or indemnified by DEFENDANT for the full costs associated with using their personal cell phones for DEFENDANT. As a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cell phones on behalf of and for the benefit of DEFENDANT.

20.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage

7

CLASS ACTION COMPLAINT

Exhibit 1 - Page 9

statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Additionally, the wage statements DEFENDANT issued to PLAINTIFFS and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFFS and the CALIFORNIA CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, from time to time DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

21.    DEFENDANT also violated Cal. Lab. Code Section 1198.5 by failing to respond and provide Plaintiff Salazar with her employment file. Section 1198.5 states that employees (and former employees) have the right to inspect personnel records maintained by the employer "related to the employee's performance or to any grievance concerning the employee." Employers must allow inspection or copying within thirty (30) days of the request. Plaintiff Salazar requested her employment file via certified mail four times and DEFENDANT failed to respond each time. As a result, Plaintiff Salazar is now entitled to a statutory penalty of $750 and an award of attorneys' fees and costs for bringing this action.

22.    By reason of this uniform conduct applicable to PLAINTIFFS and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA

1  CLASS and violated the California Labor Code and regulations promulgated thereunder as
2  herein alleged.

3      23.    Specifically as to PLAINTIFFS' pay, DEFENDANT provided compensation to
4  them in the form of two components. One component of PLAINTIFFS' compensation was a
5  base hourly wage.   The second component of PLAINTIFFS' compensation were non-
6  discretionary incentive wages.    DEFENDANT paid the incentive wages, so long as
7  PLAINTIFFS met certain predefined performance requirements.    PLAINTIFFS met
8  DEFENDANT's predefined eligibility performance requirements in various pay periods
9  throughout their employment with DEFENDANT and DEFENDANT paid PLAINTIFFS the
10 incentive wages.   During these pay periods in which PLAINTIFFS were paid the non-
11 discretionary incentive wages by DEFENDANT, PLAINTIFFS also worked overtime for
12 DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFFS'
13 regular rate of pay for the purposes of calculating what should have been PLAINTIFFS'
14 accurate overtime rate and thereby underpaid PLAINTIFFS for overtime worked throughout
15 their employment with DEFENDANT.  The incentive compensation paid by DEFENDANT
16 constituted wages within the meaning of the California Labor Code and thereby should have
17 been part of PLAINTIFFS' "regular rate of pay." PLAINTIFFS were also from time to time
18 unable to take off duty meal and rest breaks and was not fully relieved of duty for their meal
19 periods. PLAINTIFFS were required to perform work as ordered by DEFENDANT for more
20 than five (5) hours during a shift without receiving an off-duty meal break.   Further,
21 DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal period each
22 workday in which they were required by DEFENDANT to work ten (10) hours of work.
23 PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation and in
24 accordance with DEFENDANT's strict corporate policy and practice.   DEFENDANT also
25 provided PLAINTIFFS with a paystub that failed to accurately display PLAINTIFFS' correct
26 rates of overtime pay and payments for missed meal and rest periods for certain pay periods in
27 violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFFS
28

9

CLASS ACTION COMPLAINT

Exhibit 1 - Page 11

1 the overtime compensation still owed to them or any penalty wages owed to them under Cal.
2 Lab. Code § 203.    The amount in controversy for PLAINTIFFS individually does not exceed
3 the sum or value of $75,000.

4

5 **JURISDICTION AND VENUE**

6 24.    This Court has jurisdiction over this Action pursuant to California Code of Civil
7 Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This
8 action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees
9 of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

10 25.    Venue is proper in this Court pursuant to California Code of Civil Procedure,
11 Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times
12 maintained offices and facilities in this County and/or conducts substantial business in this
13 County, and (ii) committed the wrongful conduct herein alleged in this County against members
14 of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

15

16 **THE CALIFORNIA CLASS**

17 26.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive
18 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class
19 Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as
20 all individuals who are or previously were employed by DEFENDANT in California and
21 classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the
22 period beginning four (4) years prior to the filing of this Complaint and ending on the date as
23 determined by the Court (the "CALIFORNIA CLASS PERIOD").

24 27.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
25 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
26 accordingly.

27 28.    The California Legislature has commanded that "all wages... ...earned by any

28

10

CLASS ACTION COMPLAINT

Exhibit 1 - Page 12

1  person in any employment are due and payable twice during each calendar month, on days

2  designated in advance by the employer as the regular paydays", and further that "[a]ny work

3  in excess of eight hours in one workday and any work in excess of 40 hours in any one

4  workweek . . . shall be compensated at the rate of no less than one and one-half times the

5  regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare

6  Commission (IWC), however, is statutorily authorized to "establish exemptions from the

7  requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

8  professional employees, provided [inter alia] that the employee is primarily engaged in duties

9  that meet the test of the exemption, [and] customarily and regularly exercises discretion and

10  independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the

11  PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

12  LABOR SUB-CLASS qualify for exemption from the above requirements.

13      29.    DEFENDANT, as a matter of company policy, practice and procedure, and in

14  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

15  requirements, and the applicable provisions of California law, intentionally, knowingly, and

16  wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly

17  calculate and record overtime compensation for overtime worked by PLAINTIFFS and the

18  other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit

19  of this work, required employees to perform this work and permitted or suffered to permit this

20  overtime work.

21      30.    DEFENDANT has the legal burden to establish that each and every

22  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

23  accurately calculate the "regular rate of pay" by including the incentive compensation that

24  PLAINTIFFS and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

25  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

26  have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

27  or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

28

11

CLASS ACTION COMPLAINT

Exhibit 1 - Page 13

overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

31. At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq.*

32. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

33. DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

        (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

        (b)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the

12

CLASS ACTION COMPLAINT

Exhibit 1 - Page 14

1    CALIFORNIA CLASS;

2        (c)    Committing an act of unfair competition in violation of the California

3               Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

4               failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and

5               the CALIFORNIA CLASS members; and,

6        (d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

7               §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by

8               failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS

9               members with necessary expenses incurred in the discharge of their job

10               duties.

11    34.    This Class Action meets the statutory prerequisites for the maintenance of a Class

12    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

13        (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

14               that the joinder of all such persons is impracticable and the disposition of

15               their claims as a class will benefit the parties and the Court;

16        (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

17               that are raised in this Complaint are common to the CALIFORNIA

18               CLASS will apply uniformly to every member of the CALIFORNIA

19               CLASS;

20        (c)    The claims of the representative PLAINTIFFS are typical of the claims of

21               each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all the

22               other members of the CALIFORNIA CLASS, were subjected to the

23               uniform employment practices of DEFENDANT and were non-exempt

24               employees paid on an hourly basis and paid additional non-discretionary

25               incentive wages who were subjected to the DEFENDANT's practice and

26               policy which failed to pay the correct rate of overtime wages due to the

27               CALIFORNIA CLASS for all overtime worked by the CALIFORNIA

28

1    CLASS and thereby systematically underpays overtime compensation to
2    the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as
3    a result of DEFENDANT's employment practices. PLAINTIFFS and the
4    members of the CALIFORNIA CLASS were and are similarly or
5    identically harmed by the same unlawful, deceptive, unfair and pervasive
6    pattern of misconduct engaged in by DEFENDANT; and,

7    (d)    The representative PLAINTIFFS will fairly and adequately represent and
8    protect the interest of the CALIFORNIA CLASS, and has retained
9    counsel who are competent and experienced in Class Action litigation.
10   There are no material conflicts between the claims of the representative
11   PLAINTIFFS and the members of the CALIFORNIA CLASS that would
12   make class certification inappropriate. Counsel for the CALIFORNIA
13   CLASS will vigorously assert the claims of all CALIFORNIA CLASS
14   Members.

15   35.   In addition to meeting the statutory prerequisites to a Class Action, this action
16   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

17   (a)    Without class certification and determination of declaratory, injunctive,
18   statutory and other legal questions within the class format, prosecution of
19   separate actions by individual members of the CALIFORNIA CLASS will
20   create the risk of:

21   1)    Inconsistent or varying adjudications with respect to individual
22   members of the CALIFORNIA CLASS which would establish
23   incompatible standards of conduct for the parties opposing the
24   CALIFORNIA CLASS; and/or,

25   2)    Adjudication with respect to individual members of the
26   CALIFORNIA CLASS which would as a practical matter be
27   dispositive of interests of the other members not party to the

28

14

CLASS ACTION COMPLAINT

Exhibit 1 - Page 16

1          adjudication or substantially impair or impede their ability to

2          protect their interests.

3  (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

4          act on grounds generally applicable to the CALIFORNIA CLASS, making

5          appropriate class-wide relief with respect to the CALIFORNIA CLASS

6          as a whole in that DEFENDANT uniformly failed to pay all wages due.

7          Including the correct overtime rate, for all worked by the members of the

8          CALIFORNIA CLASS as required by law;

9        1)   With respect to the First Cause of Action, the final relief on behalf

10            of the CALIFORNIA CLASS sought does not relate exclusively to

11            restitution because through this claim PLAINTIFFS seeks

12            declaratory relief holding that the DEFENDANT's policy and

13            practices constitute unfair competition, along with declaratory

14            relief, injunctive relief, and incidental equitable relief as may be

15            necessary to prevent and remedy the conduct declared to constitute

16            unfair competition;

17 (c)   Common questions of law and fact exist as to the members of the

18         CALIFORNIA CLASS, with respect to the practices and violations of

19         California law as listed above, and predominate over any question

20         affecting only individual CALIFORNIA CLASS Members, and a Class

21         Action is superior to other available methods for the fair and efficient

22         adjudication of the controversy, including consideration of:

23       1)   The interests of the members of the CALIFORNIA CLASS in

24            individually controlling the prosecution or defense of separate

25            actions in that the substantial expense of individual actions will be

26            avoided to recover the relatively small amount of economic losses

27            sustained by the individual CALIFORNIA CLASS Members when

28

15
CLASS ACTION COMPLAINT

Exhibit 1 - Page 17

compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

36.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS

16

Exhibit 1 - Page 18

predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)  PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

17

CLASS ACTION COMPLAINT

Exhibit 1 - Page 19

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

37.   DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

38.   PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

39.   DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

18

CLASS ACTION COMPLAINT

Exhibit 1 - Page 20

CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

40.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

41.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

42.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)    Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide PLAINTIFFS and the other

19

CLASS ACTION COMPLAINT

Exhibit 1 - Page 21

members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)     Whether DEFENDANT's conduct was willful.

43.     DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

44.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(c)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the

20

CLASS ACTION COMPLAINT

Exhibit 1 - Page 22

CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties;

(d)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

45.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis and

CLASS ACTION COMPLAINT

Exhibit 1 - Page 23

paid additional non-discretionary incentive wages who were subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.    There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

46.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the

22

CLASS ACTION COMPLAINT

Exhibit 1 - Page 24

CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

23
CLASS ACTION COMPLAINT

Exhibit 1 - Page 25

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

47.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and

24
CLASS ACTION COMPLAINT

Exhibit 1 - Page 26

efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the

1    CALIFORNIA LABOR SUB-CLASS PERIOD; and,

2    (i)    Class treatment provides manageable judicial treatment calculated to bring

3    a efficient and rapid conclusion to all litigation of all wage and hour

4    related claims arising out of the conduct of DEFENDANT as to the

5    members of the CALIFORNIA LABOR SUB-CLASS.

6

7    **FIRST CAUSE OF ACTION**

8    **For Unlawful Business Practices**

9    **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

10    **(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

11    48.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and

12    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

13    Complaint.

14    49.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

15    Code § 17021.

16    50.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

17    unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

18    17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

19    competition as follows:

20    Any person who engages, has engaged, or proposes to engage in unfair
     competition may be enjoined in any court of competent jurisdiction. The court
21    may make such orders or judgments, including the appointment of a receiver, as
     may be necessary to prevent the use or employment by any person of any practice
22    which constitutes unfair competition, as defined in this chapter, or as may be
     necessary to restore to any person in interest any money or property, real or
23    personal, which may have been acquired by means of such unfair competition.

24    Cal. Bus. & Prof. Code § 17203.

25    51.    By the conduct alleged herein, DEFENDANT has engaged and continues to

26    engage in a business practice which violates California law, including but not limited to, the

27    applicable Wage Order(s), the California Code of Regulations and the California Labor Code

28

26

CLASS ACTION COMPLAINT

Exhibit 1 - Page 28

including Sections 204, 206.5, 226.7, 510, 512, 558, 1194, 1198, 1198.5 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

52.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

53.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

54.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

55.    By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

56.    Therefore, PLAINTIFFS demands on behalf of themselves and on behalf of each

1    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

2    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

3    for each workday in which a second off-duty meal period was not timely provided for each ten

4    (10) hours of work.

5        57.    PLAINTIFFS further demand on behalf of themselves and on behalf of each

6    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

7    was not timely provided as required by law.

8        58.    By and through the unlawful and unfair business practices described herein,

9    DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

10   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

11   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

12   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

13   to unfairly compete against competitors who comply with the law.

14       59.    All the acts described herein as violations of, among other things, the Industrial

15   Welfare Commission Wage Orders, the California Code of Regulations, and the California

16   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

17   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

18   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

19       60.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

20   to, and do, seek such relief as may be necessary to restore to them the money and property

21   which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

22   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

23   unfair business practices, including earned but unpaid wages for all overtime worked.

24       61.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

25   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

26   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

27   engaging in any unlawful and unfair business practices in the future.

28

                                    28
                          CLASS ACTION COMPLAINT

Exhibit 1 - Page 30

62.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

63.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

64.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

65.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

66.    Cal. Lab. Code § 510 further provides that employees in California shall not be

29

CLASS ACTION COMPLAINT

Exhibit 1 - Page 31

1 employed more than eight (8) hours per workday and/or more than forty (40) hours per
2 workweek unless they receive additional compensation beyond their regular wages in amounts
3 specified by law.

4      67.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
5 including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.
6 Code § 1198 further states that the employment of an employee for longer hours than those
7 fixed by the Industrial Welfare Commission is unlawful.

8      68.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and
9 the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct
10 amount of overtime worked and correct applicable overtime rate for the amount of overtime
11 they worked. As set forth herein, DEFENDANT's uniform policy and practice was to
12 unlawfully and intentionally deny timely payment of wages due for the overtime worked by
13 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and
14 DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for
15 all overtime worked.

16      69.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,
17 without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a
18 result of implementing a uniform policy and practice that denied accurate compensation to
19 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all
20 overtime worked, including, the work performed in excess of eight (8) hours in a workday
21 and/or forty (40) hours in any workweek.

22      70.    In committing these violations of the California Labor Code, DEFENDANT
23 inaccurately calculated the amount of overtime worked and the applicable overtime rates and
24 consequently underpaid the actual time worked by PLAINTIFFS and other members of the
25 CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the
26 payment of all earned wages, and other benefits in violation of the California Labor Code, the
27 Industrial Welfare Commission requirements and other applicable laws and regulations.

28

Exhibit 1 - Page 32

71.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

72.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFFS bring this Action on behalf of themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

73.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

74.     DEFENDANT failed to accurately pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

75.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

31
CLASS ACTION COMPLAINT

Exhibit 1 - Page 33

76.    DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

77.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

78.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

CLASS ACTION COMPLAINT

Exhibit 1 - Page 34

**THIRD CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

79.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

81.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

82.     As a proximate result of the aforementioned violations, PLAINTIFFS and

33
CLASS ACTION COMPLAINT

Exhibit 1 - Page 35

1  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

2  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

3  suit.

4

5                              **FOURTH CAUSE OF ACTION**

6                          **For Failure to Provide Required Rest Periods**

7                              **[Cal. Lab. Code §§ 226.7 & 512 ]**

8          **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

9                                          **Defendants)**

10         83.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

11  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

12  paragraphs of this Complaint.

13         84.    PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were

14  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.

15  Further, these employees were denied their first rest periods of at least ten (10) minutes for

16  some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least

17  ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first,

18  second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours

19  or more.  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also

20  not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules,

21  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically

22  denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

23         85.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

24  IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-

25  CLASS Members who were not provided a rest period, in accordance with the applicable Wage

26  Order, one additional hour of compensation at each employee's regular rate of pay for each

27  workday that rest period was not provided.

28

                                          34
                              CLASS ACTION COMPLAINT

Exhibit 1 - Page 36

86.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

87.     PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

88.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

89.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  Specifically, DEFENDANT failed to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, the full costs associated with using their personal cell phones for DEFENDANT's benefit.  As a result, in the course of their employment with DEFENDANT PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cell phones all on behalf of and for the benefit of DEFENDANT.  These expenses

35

CLASS ACTION COMPLAINT

Exhibit 1 - Page 37

are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

90.     PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

91.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee

is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

93.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Additionally, the wage statements DEFENDANT issued to PLAINTIFFS and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFFS and the CALIFORNIA CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement

37

CLASS ACTION COMPLAINT

Exhibit 1 - Page 39

that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

94.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### SEVENTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

95.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.    Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

38

CLASS ACTION COMPLAINT

Exhibit 1 - Page 40

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

97.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

98.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

99.    There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

100.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

101.    The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

102.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFFS demand up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

Exhibit 1 - Page 41

**EIGHTH CAUSE OF ACTION**

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, *et seq.*]**

**(By Plaintiffs and Against All Defendants)**

103.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-102, supra, as though fully set forth at this point.

104.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

105.    Plaintiffs, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to themselves and all individuals who are or previously were employed by DEFENDANT and classified as non-exempt employees in California during the time period of January 30, 2017 until the present (the "AGGRIEVED EMPLOYEES").

106.    On January 30, 2018, Plaintiffs gave written notice by electronic mail to the Labor and  Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.   *See* Exhibit #1, attached hereto and incorporated by this reference herein.   The statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.

40

CLASS ACTION COMPLAINT

Exhibit 1 - Page 42

1   As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative

2   civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with

3   respect to all AGGRIEVED EMPLOYEES as herein defined.

4       107.   The policies, acts and practices heretofore described were and are an unlawful

5   business act or practice because Defendant (a) failed to provide PLAINTIFF and the other

6   AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime, (b) failed

7   to properly record and provide legally required meal and rest periods, (c) failed to provide

8   accurate itemized wage statements, (d) failed to pay wages when due, and (e) failed to

9   reimburse for required expenses, all in violation of the applicable Labor Code sections listed

10  in Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198,

11  1198.5, 2802, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory

12  penalties as a result of such conduct. PLAINTIFFS hereby seek recovery of civil penalties as

13  prescribed by the Labor Code Private Attorney General Act of 2004 as the representatives of

14  the State of California for the illegal conduct perpetrated on PLAINTIFFS and the other

15  AGGRIEVED EMPLOYEES.

16

17                         **PRAYER FOR RELIEF**

18      WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

19  severally, as follows:

20  1.   On behalf of the CALIFORNIA CLASS:

21      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

22            CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

23      B)    An order temporarily, preliminarily and permanently enjoining and restraining

24            DEFENDANT from engaging in similar unlawful conduct as set forth herein;

25      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

26            withheld from compensation due to PLAINTIFFS and the other members of the

27            CALIFORNIA CLASS; and,

28
                                41
                      CLASS ACTION COMPLAINT

Exhibit 1 - Page 43

1         D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

2                for restitution of the sums incidental to DEFENDANT's violations due to

3                PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

4  2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

5         A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes

6                of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

7                pursuant to Cal. Code of Civ. Proc. § 382;

8         B)    Compensatory damages, according to proof at trial, including compensatory

9                damages for overtime compensation due PLAINTIFFS and the other members

10              of the CALIFORNIA LABOR SUB-CLASS, during the applicable

11              CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

12              statutory rate;

13        C)    Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

14              the applicable IWC Wage Order;

15        D)    The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA

16              LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs

17              of suit;

18        E)    The greater of all actual damages or fifty dollars ($50) for the initial pay period

19              in which a violation occurs and one hundred dollars ($100) per each member of

20              the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

21              period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

22              an award of costs for violation of Cal. Lab. Code § 226; and,

23        F)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-

24              CLASS as a penalty from the due date thereof at the same rate until paid or until

25              an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

26  ///

27  ///

28

42
CLASS ACTION COMPLAINT

Exhibit 1 - Page 44

1    3.    On behalf of the State of California and with respect to all AGGRIEVED
2          EMPLOYEES:

3          A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys
4                General Act of 2004.

5    4.    On all claims:

6          A)    An award of interest, including prejudgment interest at the legal rate;

7          B)    Such other and further relief as the Court deems just and equitable; and,

8          C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,
9                including, but not limited to, pursuant to Labor Code §218.5, §226, §1194 and/or
10               §1198.5.

11

12   Dated: April 18, 2018          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

13

14

15                           By: _____
16                                Kyle Nordrehaug
                                  Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28
                                         43
                              CLASS ACTION COMPLAINT

Exhibit 1 - Page 45

1

## DEMAND FOR A JURY TRIAL

2      PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4  Dated: April 18, 2018        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

7                          By: _____

8                              Kyle Nordrehaug
                               Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

44

CLASS ACTION COMPLAINT

Exhibit 1 - Page 46

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223          FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiff Andrea Salazar et al.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 8 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

CASE NAME:
ANDREA SALAZAR et al. v. JOHNSON & JOHNSON CONSUMER INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 7 0 2 4 6 8  JUDGE:  DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2018

Kyle Nordrehaug
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

Exhibit 1 Page 4

| SHORT TITLE: SALAZAR et al. v. JOHNSON & JOHNSON CONSUMER INC. | CASE NUMBER BC 7 0 2 4 6 8 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION) BY FAX

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Exhibit 1 - Page 48

| SHORT TITLE: SALAZAR et al. v. JOHNSON & JOHNSON CONSUMER INC. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | ①, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not Insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit 1 - Page 49

| SHORT TITLE: SALAZAR et al. v. JOHNSON & JOHNSON CONSUMER INC. | CASE NUMBER |
|---|---|

| | Civil Case Cover Sheet Category | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1 - Page 50

| SHORT TITLE: SALAZAR et al. v. JOHNSON & JOHNSON CONSUMER INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: 11125 IDALENE ST. |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: SANTA FE SPRINGS | STATE: CA | ZIP CODE: 90670 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 4/18/2018        :

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit 1 - Page 51

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL – CLASS ACTION
### 312 N. SPRING STREET COURTHOUSE

Case Number _____ BC 7 0 2 4 6 8

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | |
| Hon. Ann Jones | 11 | 11 | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 12 | Supervising Judge 12 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ APR 18 2018
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ G. ROBINSON _____ , Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Exhibit 1 - Page 52

…

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit 1 - Page 53

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit 1 - Page 54

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

    In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

    - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

    - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

◻ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each
side and then decides the outcome of the dispute. Arbitration is typically less formal than a
trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-
binding." Binding arbitration means the parties waive their right to a trial and agree to accept
the arbitrator's decision as final. Non-binding arbitration means that the parties are free to
request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of
their dispute for them but would like to avoid the formality, time, and expense of a trial. It may
also be appropriate for complex matters where the parties want a decision-maker who has
training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.**
Mandatory Settlement Conferences are ordered by the Court and are often held near the date
a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her
time exclusively to preside over the MSC. The judge does not make a decision in the case but
assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a
settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of
charge and staffed by experienced sitting civil judges who devote their time exclusively to
presiding over MSCs. The judges participating in the judicial MSC program and their locations
are identified in the List of Settlement Officers found on the Los Angeles Superior Court website
at http://www.lacourt.org/. This program is available in general jurisdiction cases with
represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms.
In addition, on an ad hoc basis, personal injury cases may be referred to the program on the
eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the
asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom,
the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to
the program.  Further, all parties must complete the information requested in the Settlement
Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Page 3 of 4

Exhibit 1 - Page 56

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit 1 - Page 57

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖Los Angeles County Bar Association Litigation Section❖

❖ Los Angeles County Bar Association Labor and Employment Law Section❖

❖Consumer Attorneys Association of Los Angeles❖

❖Southern California Defense Counsel❖

❖Association of Business Trial Lawyers❖

❖California Employment Lawyers Association❖

Exhibit 1 - Page 58

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO..    FAX NO. (Optional).<br>E-MAIL ADDRESS (Optional)·<br>ATTORNEY FOR (Name)· | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER. |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

Exhibit 1 - Page 59

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                                       (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date

_____   ➤ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date

_____   ➤ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
     (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
     (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____   ➤ _____
     (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____   ➤ _____
     (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Exhibit 1 - Page 60

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO · FAX NO. (Optional) E-MAIL ADDRESS (Optional) ATTORNEY FOR (Name) | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit 1 - Page 61

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit 1 - Page 62

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit 1 - Page 63

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO · FAX NO (Optional)<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of
   the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar
   days following filing of the Request)

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the
   discovery dispute, including the facts and legal arguments at issue. For an Answer to
   Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny
   the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit 1 - Page 64

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY* | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional)*<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name) | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)<br>LASC Approved 04/11<br>For Optional Use  **STIPULATION AND ORDER – MOTIONS IN LIMINE**  Page 1 of 2

Exhibit 1 - Page 65

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Exhibit 1 - Page 66

1    **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3    2255 Calle Clara
     La Jolla, CA 92037
4    Telephone: (858)551-1223
     Facsimile: (858) 551-1232
5    Website: www.bamlawca.com

6    Attorneys for Plaintiffs

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF LOS ANGELES**

9    ANDREA SALAZAR, CHRISTINA            Case No. **BC702468**
     JOHNSON, JOSE GARCIA, TROY
10   HARRIS and BEDIAKO ADDO,             **NOTICE OF ERRATA**
     individuals, on behalf of themselves and
11   on behalf of all persons similarly situated,

12                  Plaintiffs,            Judge:          William F. Highberger
                                           Department:     SS10
13   vs.
                                           Action Filed:   April 18, 2018
14   JOHNSON & JOHNSON CONSUMER            Trial Date:     None Set
     INC., a Corporation; and Does 1 through
15   50, Inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                    1
                           NOTICE OF ERRATA

Exhibit 1 - Page 67

1    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE THAT Plaintiffs Andrea Salazar, Christina Johnson, Jose

3    Garcia, Troy Harris and Bediako Addo filed a Class Action Complaint ("Complaint") on April

4    18, 2018, which included as its Eighth Cause of Action a claim for Violation of the Private

5    Attorneys General Act which referenced a January 30, 2018 letter sent by Plaintiffs to the Labor

6    and Workforce Development Agency.  Said letter was referenced as <u>Exhibit #1</u> to Plaintiffs'

7    Complaint but was inadvertently not attached to the Complaint.  By this errata, Plaintiffs now

8    correct this omission, and attach the missing exhibit Plaintiffs' Complaint hereto as <u>Exhibit 1</u>.

9

10

11    Dated: June 7, 2018        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

12

13

14                    By: _____
                                Ricardo Ehmann
15                              Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

2
NOTICE OF ERRATA

Exhibit 1 - Page 68



# **EXHIBIT 1**

3

NOTICE OF ERRATA

Exhibit 1 - Page 69

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

45
CLASS ACTION COMPLAINT

Exhibit 1 - Page 70

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
Web Site: www.bamlawca.com
*San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Chicago*
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
1004

January 30, 2018
CA1506

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
Online Filing

Johnson & Johnson Consumer, Inc.
Certified Mail # 70171450000202536885
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, 1198.5, 2802, Violation of Applicable Industrial Welfare Commission Wage Order(s), and <u>Pursuant To California Labor Code Section 2699.5.</u>

Dear Sir/Madam:

Our offices represent Plaintiffs Andrea Salazar, Christina Johnson, Jose Garcia, Troy Harris and Bediako Addo ("Plaintiffs"), and other aggrieved employees in a proposed lawsuit against Johnson & Johnson Consumer, Inc. ("Defendant"). Plaintiffs were employed by Defendant and suffered labor code violations in California during the Private Attorney General Act statutory period. Plaintiffs were nonexempt employees entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of their time worked, including overtime wages, and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiffs contend that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiffs began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, 1198.5, 2802, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This

Exhibit 1 - Page 71

information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq.* The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiffs, the Defendant and the notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

Z:\D\Dropbox (NBB)\Pending Litigation\Johnson and Johnson- Salazar\l-paga-01.wpd

Exhibit 1 - Page 72

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/21/18

HONORABLE WILLIAM F. HIGHBERGER          JUDGE

HONORABLE #6

          R. SANCHEZ, CA

DEPT. SS10

M. MATA                    DEPUTY CLERK

JUDGE PRO TEM

                ELECTRONIC RECORDING MONITOR

Deputy Sheriff    NONW

                          Reporter

8:30 am | BC702468

ANDREA SALAZAR ET AL
VS
JOHNSON & JOHNSON CONSUMER INC

Plaintiff
Counsel
                    NO APPEARANCES
Defendant
Counsel

DEEMED COMPLEX 5/21/18

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for August 8, 2018 at 11:00 a.m. in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of  3   DEPT. SS10

MINUTES ENTERED
05/21/18
COUNTY CLERK

Exhibit 1 - Page 73

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 05/21/18 | | | DEPT. SS10 |
|---|---|---|---|
| HONORABLE WILLIAM F. HIGHBERGER | JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE #6 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, CA | Deputy Sheriff | NONW | Reporter |

| 8:30 am | BC702468 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | ANDREA SALAZAR ET AL VS JOHNSON & JOHNSON CONSUMER INC | Defendant Counsel | |
| | DEEMED COMPLEX 5/21/18 | | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order and Initial Status Conference Order dated 5/21/18 upon each party or counsel named below by placing the document for collection and mailing so as to

Page  2 of  3   DEPT. SS10

MINUTES ENTERED
05/21/18
COUNTY CLERK

Exhibit 1 - Page 74

1
2
3
4
5
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 21 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Maribel Mata, Deputy

7
8
9
10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

11
12
13
14
15
16
17
18
19

ANDREA SALAZAR

Plaintiff,

vs.

JOHNSON & JOHNSON CONSUMER INC.

Defendants.

Case No.: BC702468

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge William F. Highberger

Department: 10
Date: August 8, 2018
Time: 11:00 a.m.

20
21
22
23
24
25

This case has been assigned for all purposes to Judge William F. Highberger in the

Complex Litigation Program.  An Initial Status Conference is set for August 8, 2018 at 11:00 a.m.

in Department 10 located in the Los Angeles Superior Court at the United States Court House on

312 North Spring Street, Los Angeles, CA 90012.  Counsel for all parties are ordered to attend.

26
27
28

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

Exhibit 1 - Page 75

1   initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

2   agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

3   Initial Status Conference Class Action Response Statement five court days before the Initial Status

4   Conference. The Joint Response Statement must be filed on line-numbered pleading paper and

5   must specifically answer each of the below-numbered questions. Do not use the use the Judicial

6   Council Form CM-110 (Case Management Statement).

7

8       **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and

9   presently-named defendants, together with all counsel of record, including counsel's contact and

10   email information.

11       **2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently

12   intends to add additional class representatives, and, if so, the name(s) and date by which these

13   class representatives will be added. Indicate whether any plaintiff presently intends to name

14   additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.

15   Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the

16

17   names of cross-defendants and the date by which the cross-complaint will be filed.

18       **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong

19   person or entity, please explain why the named defendant is improperly named and the proposed

20   procedure to correct this error.

21       **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party

22   believes one or more named plaintiffs might not be an adequate class representative, including

23   reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los

24   Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these

25

26   responses.

27       **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

28

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

Exhibit 1 - Page 76

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the

-3-

1  Los Angeles Superior Court Website under "Civil Tools for Litigators."

2  **11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

3  summarize each side's views on discovery. The court generally allows discovery on matters

4  relevant to class certification, which (depending on circumstances) may include factual issues also

5  touching the merits. The court generally does not permit extensive or expensive discovery

6  relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a

7  persuasive showing establishes early need. If any party seeks discovery from absent class

8  members, please estimate how many, and also state the kind of discovery you propose[1].

9

10  **12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or

11  reimbursement, and (2) whether there are any insurance coverage issues which might affect

12  settlement.

13  **13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each

14  party's position about it. If pertinent, how can the court help identify the correct neutral and

15  prepare the case for a successful settlement negotiation?

16

17  **14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for

18  the following:

19  ■ The next status conference,

20  ■ A schedule for alternative dispute resolution, if it is relevant,

21  ■ A filing deadline for the motion for class certification, and

22  ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

23

24  **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program

25  requires the parties in every new case to use a third-party cloud service.

26  Please agree on one and submit the parties' choice when filing the Joint Initial Status

27

28  [1] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

Exhibit 1 - Page 78

Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement**– Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

---

[2] California Rule of Court, Rule 3.770(a)

-5-

1  this "complex" case through the development of an orderly schedule for briefing and hearings on

2  procedural and substantive challenges to the complaint and other issues that may assist in the

3  orderly management of these cases.  This stay does not preclude the parties from informally

4  exchanging documents that may assist in their initial evaluation of the issues presented in this

5  case, however it stays all outstanding discovery requests.

6

7       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

8  with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

9  Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

10  five (5) days of service of this order. If any defendant has not been served in this action, service is

11  to be completed within twenty (20) days of the date of this order.

12       If all parties have been served, have conducted the required meet and confer, and are ready

13  to fully participate in the status conference prior to the assigned date, counsel may contact the

14  clerk of Department 10 and request an earlier date for the Initial Status Conference.

15

16

17       Dated:

18       MAY 2 1 2018   WILLIAM F. HIGHBERGER, JUDGE

19

20                    Judge William F. Highberger

21

22

23

24

25

26

27

28

-6-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/21/18

DEPT. SS10

HONORABLE WILLIAM F. HIGHBERGER        JUDGE | M. MATA

DEPUTY CLERK

HONORABLE #6                        JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

R. SANCHEZ, CA        Deputy Sheriff | NONW

Reporter

| 8:30 am | BC702468 | Plaintiff Counsel | |
|---|---|---|---|
| | ANDREA SALAZAR ET AL VS JOHNSON & JOHNSON CONSUMER INC | | NO APPEARANCES |
| | | Defendant Counsel | |
| | DEEMED COMPLEX 5/21/18 | | |

**NATURE OF PROCEEDINGS:**

cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: May 21, 2018

Sherri R. Carter, Executive Officer/Clerk

By: _____
            MARIBEL MATA, Deputy Clerk

Kyle R. Nordrehaug, Esq.
BLUMENTHAL NORDREHAUG BHOWMIK DE
 BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037

Page   3 of   3   DEPT. SS10

MINUTES ENTERED
05/21/18
COUNTY CLERK

Exhibit 1 - Page 81