JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** 2:18-CV-05884-SJO-E | **DATE:** September 19, 2018 |
| **TITLE:** Andrea Salazar et al v. Johnson and Johnson Consumer Inc. et al | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz  
Courtroom Clerk

Not Present  
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**

Not Present

**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT** [Docket No. 21]**; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT** [Docket No. 12]

These matters are before the Court on Plaintiffs Andrea Salazar, Christina Johnson, Jose Garcia, Troy Harris and Bediako Addo's (together "Plaintiffs") Motion to Remand Case to State Court ("Remand Motion"), filed August 3, 2018, and Defendant Johnson and Johnson Consumer Inc.'s ("Defendant") Motion to Dismiss or, in the alternative, Strike Portions of Plaintiffs' Complaint ("Dismissal Motion"), filed July 12, 2018. Defendant opposed the Remand Motion ("Remand Opposition")[1] on August 20, 2018, Plaintiffs replied and requested to Strike Defendant's declarations ("Plaintiffs' Remand Reply") on August 27, 2018, and Defendant opposed Plaintiffs' Request to Strike Declarations in Opposition to Motion to Remand Case ("Defendant's Reply") on August 28, 2018. Plaintiffs opposed the Dismissal Motion ("Dismissal Opposition") on July 31, 2018, and Defendant replied ("Dismissal Reply") on August 7, 2018. The Court found these matters suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Remand Motion and **DENIES AS MOOT** the Dismissal Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant putative class action on April 18, 2018 in the Superior Court of the State of California for the County of Los Angeles, alleging violations of the California Labor and Business and Professions Codes. (*See* Notice of Removal, Ex. A ("Complaint"), ECF No. 1-1.) Plaintiff alleges eight causes of action: (1) unfair competition in violation of the California Business and Professions Code §§ 17200 *et seq.* (Compl. ¶¶ 48-62); (2) failure to pay overtime wages

---

[1] The Court notes that Defendant's Remand Opposition does not comply with the Court's Initial Standing Order ("ISO") limiting such pleadings to twenty (20) pages. (ISO at A-14, ECF No. 15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:    2:18-CV-05884-SJO-E                    DATE: September 19, 2018

(Compl. ¶¶ 63-78); (3) failure to provide required meal periods (Compl. ¶¶ 79-82); (4) failure to provide required rest periods (Compl. ¶¶ 83-86); (5) failure to reimburse employees for required expenses (Compl. ¶¶ 87-90); (6) failure to provide accurate itemized wage statements (Compl. ¶¶ 91-94); (7) failure to provide wages when due (Compl. ¶¶ 95-102); and (8) violation of the Private Attorneys General Act ("PAGA"). (Compl. ¶¶ 103-07.)

Plaintiffs bring the first cause of action on behalf of themselves and all individuals "employed by Defendant in California and classified as non-exempt employees ("CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to filing of the Complaint and ending on the date as determined by the Court." (Compl. ¶ 8.) Plaintiffs bring the second through seventh causes of action on behalf of themselves and all members of the California Class "classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning three (3) years prior to the filing of the complaint and ending on the date as determined by the Court." (Compl. ¶ 38.) Plaintiffs bring their final action under PAGA to enforce state labor laws on behalf of the State of California and all individuals who are or previously were employed by Defendant as non-exempt employees in California from January 30, 2017 to present. (Compl. ¶¶ 104-05.) Plaintiffs assert that both the California Class and the California Labor Sub-Class are so numerous that joinder of all class members is impracticable. (Compl. ¶¶ 32, 41.)

Plaintiff alleges the following in the Complaint. Defendant is a corporation and at all relevant times conducted and continues to conduct substantial and regular business throughout California. (Compl. ¶ 1.) Defendant employed Plaintiffs in California as non-exempt employees entitled to overtime pay and meal and rest periods during periods between June of 2004 and October of 2017. (Compl. ¶¶ 3-7.) Plaintiffs and other California Class members were not paid all overtime wages owed because Defendant did not include incentive pay in the regular rate of pay for the purposes of calculating overtime wages. (Compl. ¶¶ 12, 14-15.) Plaintiffs and other California Class members were not reimbursed for business expenses, did not receive accurate wage statements, were unable to take off duty meal breaks, and were periodically denied rest periods by Defendant. (Compl. ¶¶ 16-20.) The amount in controversy for Plaintiffs individually does not exceed the sum or value of $75,000. (Compl. ¶ 23.)

Defendant removed the action on July 5, 2018 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d). (*See generally* Notice of Removal, ECF No. 1.) Plaintiffs now seeks to remand to state court on the ground that Defendant has failed to meet to establish jurisdiction under CAFA. (*See generally* Remand Mot., ECF No. 21-1.)

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 2:18-CV-05884-SJO-E                DATE: September 19, 2018

## II. DISCUSSION

### A. Legal Standard for Remand

Any civil action over which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Class Action Fairness Act of 2005 gives district courts original jurisdiction over any civil action in which (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) any member of a class of plaintiffs is a citizen of a State different from any defendant, and (3) the number of members of all proposed plaintiff classes exceeds 100 in the aggregate. 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B). There is no antiremoval presumption in cases invoking CAFA. *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 135 S. Ct. 547, 554 (2014). A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart*, 135 S. Ct. at 554).

"[W]hen a defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 554. In determining the amount in controversy, the Court considers the facts alleged in the complaint and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "[A] damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipose, the scales tip against federal-court jurisdiction." *Id.*

### B. Analysis

Plaintiff contends that removal was improper because Defendant failed to prove by a preponderance of the evidence (1) minimum diversity of citizenship, (2) numerosity, and (3) that the matter in controversy exceeds $5,000,000. (Remand Mot. 2, ECF 21.) Based on allegations in the Complaint, Defendant contends that the amount in controversy conservatively reaches $12,000,000 (or $6,000,000 using even more conservative assumptions). (Remand Opp'n 8, ECF 25.) The Court disagrees and finds that Defendant fails to show by a preponderance of the evidence that there is more than $5,000,000 in controversy. For this reason, the Court need not consider diversity of citizenship and numerosity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   2:18-CV-05884-SJO-E               DATE: September 19, 2018

1.   Meal and Rest Period Claims

California law provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code § 226.7.

Defendant asserts that $4,200,000 is a reasonable estimate of the amount in controversy for each of Plaintiffs' meal period and rest period claims, and that therefore the amount in controversy reaches $8,400,000 for these claims alone. (Remand Opp'n 21.) In support of these calculations, Defendant offers the declaration of Bonnie Miller, a litigation paralegal with Johnson & Johnson who is familiar with, and ordered review of, personnel files, employment history, time records, and the payroll history of the putative class. (Remand Opp'n, Ex. 1, Bonnie Miller Declaration ("Miller Declaration") ¶¶ 1, 3, ECF 25-1.) Based on her analysis of the data, Miller estimates that the putative class members worked approximately 759,290 shifts exceeding five hours during the class period and earned an average hourly rate of $27.74. (Miller Decl. ¶¶ 5, 10.) Because Plaintiffs do not specify how frequently they and other class members were denied requisite meal and rest periods, Defendant assumes that each class member was denied a single meal and rest period out of every five shifts worked. (Remand Opp'n 19.) Based on this assumption, Defendant concludes that the amount in controversy for meal period violations totals $4,212,540.92. (Remand Opp'n 21 n.4.) Defendant reaches this number by multiplying the average hourly rate (the premium owed for each violation) by the number of shifts worked and by the assumed 20% violation rate. (Remand Opp'n 21 n.4.) Defendant duplicates this math to reach the same amount in controversy for rest period violations. (Remand Opp'n 21 n.5.)

However, Defendant's calculations lack adequate factual support. Plaintiffs allege in the Complaint that Plaintiffs and other California Class members were "from time to time unable to take off duty meal breaks" and that Plaintiffs and other California Labor Subclass members "were often not fully relieved of duty by Defendant for their meal periods" and "were periodically denied their proper rest periods." (Compl. ¶¶ 16, 80, 84.) From these vague allegations, Defendant assumes that each putative class member was denied a meal and rest period once a week. (*See* Remand Opp'n 19-21.) Defendant does not set forth any facts supporting its assumptions regarding the frequency of meal and rest period violations, therefore the Court finds that Defendant has failed to establish by the preponderance of the evidence the amount in controversy for these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CIVIL MINUTES - GENERAL

CASE NO.:    2:18-CV-05884-SJO-E                    DATE: September 19, 2018

As other courts in this district have held, Defendant may not rely on statistical assumptions to sustain the amount in controversy requirement. *Armstrong v. Ruan Trans. Co.*, EDCV 16-1143-VAP (SPx), 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25, 2016) (remanding case in which defendant assumed one meal and rest break violation per week for the purposes of calculating amount in controversy). Courts have routinely remanded cases where amount in controversy calculations rely on speculative assumptions unsupported by evidence. *See, e.g.*, *Garibay v. Archstone Comtys. LLC*, No. CV-10640 PA (VBKx), 2013 WL 12157241, at *5-6 (C.D. Cal. Feb. 4, 2013), *aff'd* No. 13-56151, 539 F. App'x 763 (9th Cir. 2013). In *Garibay*, an employee sued their employer for meal and rest break violations, failure to provide accurate wage statements, and waiting-time penalties. *Id.* at *1. Similar to Defendant, the employer calculated the amount in controversy by using conservative estimates of two missed breaks per week, maximum waiting time penalties for each employee, and wage statement penalties for every paycheck received by every employee. *Id.* at *3-5. The district court concluded that the employer did not meet its burden to prove the amount in controversy, and the Ninth Circuit affirmed: "As the district court correctly explained, [the defendant] failed to provide any evidence regarding why the assumption that each employee missed two rest periods per week was more appropriate than 'one missed rest period per paycheck or one missed rest period per month.'" *Garibay v. Archstone Comtys. LLC*, No. 13-56151, 539 F. App'x 763, 764 (9th Cir. 2013) (unpublished opinion). Other courts have held similarly. *See, e.g.*, *Whitaker v. U.S. Renal Care, Inc.*, No. CV 17-2661-R, 2017 WL 3412203, at *2 (C.D. Cal. Aug. 8, 2017) (remanding case in which defendant assumed one meal and rest break violation per week for the purposes of calculating the amount in controversy); *Freeman v. Mercy Servs. Corp.*, No. 2:16-cv-01151-TLN-KJN, 2017 WL 2572428, at *3-4 (E.D. Cal., June 14, 2017) (remanding case in which defendant assumed one violation per pay period in calculating the amount in controversy for Plaintiff's unpaid meal and rest period claims); *Weston v. Helmerich & Payne Int'l Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (C.D. Cal. Sept. 17, 2013) (rejecting amount in controversy calculations where "Defendant provides no factual underpinning for the assumption that a meal and rest break violation occurred one time per week or why an overtime violation should be presumed to occur for four hours every week"); *Munoz v. Central Parking Sys., Inc.*, No. CV 10-6172, 2010 WL 3432239, at *2 (C.D. Cal. Aug. 20, 2010) (rejecting defendant's assumption of one meal period violation per week because defendant "fail[ed] provide any evidentiary support for th[is] assumption[]").

The Court acknowledges that some other district courts have found differently. *See Ruiz v. Towne Air Freight, Inc.*, 15-2853 DSF, at 1 (Ssx) (C.D. Cal. May 27, 2015) (finding that an assumed meal and rest period violation every fourth day was reasonable); *Long v. Destination Maternity Corp.*, No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *8 (S.D. Cal. April 21, 2016) ("Because Plaintiff does not include fact-specific allegations regarding the circumstances of the alleged missed meal and rest periods, it is reasonable for Defendant to estimate damages sought based on one meal period or rest period violation per employee per week."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (reversing remand in which defendant assumed that class members missed at least one rest and meal break per week where the plaintiffs alleged that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  2:18-CV-05884-SJO-E          DATE: September 19, 2018

defendants "regularly and consistently" failed to provide uninterrupted meal and rest periods and the class representatives testified that they and employees statewide were "never" allowed to take meal and rest periods). However, these cases are distinguishable because here Plaintiffs limit the allegations in the Complaint—they do not allege regular and consistent violations, but assert that they and other California Class members were unable to take off duty meal breaks "from time to time," and that they and other California Labor Sub-Class members were "periodically" denied their proper rest periods. (Compl. ¶¶ 16, 84.)

Moreover, "the employer . . . has access to employment and payroll records that would allow it to provide more accurate figures." *Nolan v. Kayo Oil Co.*, No. C 11-00707 MEJ, 2011 WL 2650973, at *5 (N.D. Cal. July 6, 2011). Here, Defendant provides the number of putative class members, their average hourly rate, and an estimate of the number of shifts worked, yet does not provide any information that suggests a particular rate of meal or rest period violations. (*See generally* Miller Decl.)

Defendant sets forth no facts supporting their assumed violation rate of 20% (or even 5%), nor do Plaintiffs' allegations of "periodic" violations point to this conclusion. This arbitrary assumption does not permit the Court to find that Defendants have established by a preponderance of the evidence the amount in controversy for Plaintiffs' meal and rest break claims.

    2.    <u>Waiting Time Penalties</u>

Section 203(a) of the California Labor Code provides:

> If an employer wilfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203(a).

Defendant argues that $1,256,976 is "a reasonable estimate of the amount in controversy for this claim." (Remand Opp'n 19.) To reach this number, Defendant identified 215 employees who discharged their employment within the three-year statute of limitations and calculated their average wages to be $27.84 an hour. (Remand Opp'n 19 n.4.) Assuming a 100% violation rate and 7-hour shifts, the Defendant calculated the maximum statutory penalty to exceed $1,200,000. (Remand Opp'n 19.)

However, Defendant's calculations are neither supported by facts nor by the Plaintiffs' Complaint. Plaintiffs allege that they and other class members were terminated, and that Defendant "has not tendered payment of overtime wages to these employees who **actually** worked overtime."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: 2:18-CV-05884-SJO-E                              DATE: September 19, 2018

(Compl. ¶ 101.) Defendant assumes that every terminated employee was denied overtime wages and is thus entitled to a waiting time penalty. (Remand Opp'n 19 & n1.) However, Defendant fails—despite having access to the "personnel files, employment history, time records, and payroll history" of the putative class—to determine whether any of the terminated employees worked any overtime at all. (Miller Decl. ¶¶ 3, 5.) While Defendant need not prove Plaintiffs' case, the Defendant should be able to provide more accurate figures. *See Armstrong*, 2016 WL 6267931, at *4*.

In sum, Defendant fails to provide facts to support its assumption that every employee who left their employment during the relevant period worked overtime, and Plaintiffs' Complaint does not provide an adequate basis for such an assumption. Therefore, the Court finds Defendant has failed to show by a preponderance of the evidence that the amount in controversy for the waiting time penalties reaches $1,256,976.

### 3.  Wage Statement Penalties

California law requires that an employer furnish employees with an "accurate itemized statement" reflecting, among other things, all applicable hourly rates in effect during the pay period and the name of the legal entity that is the employer. Cal. Lab. Code § 226(a). An employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover actual damages or up to $4,000 under the statutory penalty of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period." Cal. Lab. Code § 226(e)(1).

Plaintiffs claim that Defendant "failed to correctly list the correct name of the legal entity that was the employer" and "failed to provide . . . complete and accurate wage statements" when they and other class members "worked overtime in the same pay period that they earned incentive wages and/or missed meal and rest breaks." (Compl. ¶ 93.) Plaintiffs allege that "[a]s a result, from time to time" Defendant provided Plaintiffs and other California Class members with non-compliant wage statements. (Compl. ¶¶ 93-94.)

Defendant estimates that the penalties for issuing non-compliant wage statements exceeds $1,800,000. (Remand Opp'n 22 & n.6.) Defendant supports this figure by multiplying the 37,261 total wage statements issued to class members during the applicable one-year statute of limitations by $50 (the statutorily authorized penalty for the first violation). (Remand Opp'n 22 & n.6.) Defendant asserts that the allegation that the wrong employer name was listed on wage statements "implicates a 100% assumed violation rate." (Remand Opp'n 21.) "As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. Here, Defendant has provided the number of wage statements at issue

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   2:18-CV-05884-SJO-E               DATE: September 19, 2018

and has reasonably assumed that the wrong employer name was listed on each of these statements. Plaintiff has provided no evidence to the contrary and the Court therefore finds that Defendant has established by a preponderance of the evidence that the amount in controversy for Plaintiffs' wage statement claim reaches approximately $1,863,050.

### 4.   Overtime, Expense Reimbursement, and Injunctive Relief

California law provides that "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance." Cal. Lab. Code § 1194(a).

Plaintiffs allege that Defendant failed to accurately calculate overtime rates by excluding incentive compensation from the regular rate of pay for the purposes of calculating overtime wages, and thus failed to properly compensate Plaintiffs and members of the California Labor Sub-Class for all wages earned. (Compl. ¶¶ 14, 64.) Defendant concludes that Plaintiffs establish a 100% violation rate for this claim because they claim that the inaccurate overtime rate calculations were applied to "each and every employee." (Remand Opp'n 16.) However, neither party identifies the range of incentive pay earned by the class members, estimates the difference between the overtime rates actually paid and the properly calculated overtime rates, or provides information useful to calculating the potential value of this claim. Plaintiffs fail to provide an estimate of the amount in controversy, (*see generally*, Remand Mot.; Compl. ¶ 75), and Defendant simply asserts that "it is difficult to estimate the amount in controversy on the overtime claim because it is based on the alleged failure to calculate employees' regular rate of pay properly." (Remand Opp'n 16.)

Despite having access to employees' time records and payroll history, (Miller Decl. ¶ 3), Defendant does not attempt to estimate the amount in controversy for this claim. (Opp'n 16.) Even assuming *arguendo* that Plaintiffs' allegations do establish a 100% violation rate, the Court would still fail to find that the amount in controversy threshold is met. While this general allegation might otherwise "further increase the amount in controversy" where it is clear that the threshold for removal jurisdiction is met, it is not sufficient, standing alone, to establish by a preponderance of the evidence that the amount in controversy reaches $5,000,000. *See Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1336 n.4 (E.D. Cal. 2015) (noting that potential recovery under other claims that "could further increase the amount in controversy" where the parties do not take into account all of plaintiff's causes of action). For this reason, the Court finds that Defendant has failed to substantiate its claims that expense reimbursement and injunctive relief would establish that the amount in controversy reaches $5,000,000.

### 5.   Attorneys' Fee Request

In its final argument, Defendant correctly notes that attorneys' fees are properly included in determining the amount in controversy and calculates that Plaintiffs' claims implicate

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  2:18-CV-05884-SJO-E            DATE: September 19, 2018

approximately $780,000 of attorneys' fees.  (Remand Opp'n 23-24.)  Defendant supports this amount using the benchmark of 25% of projected damages for the waiting time penalties and wage statement penalties. (Remand Opp'n 24 & n.7-8.)  Defendant's estimate is, however, based in part on a speculative damages calculation and is therefore disregarded.  *See Freeman v. Mercy Servs. Corp.*, No. 2:16-cv-01151-TLN-KJN, 2017 WL 2572428, at *3 (E.D. Cal. June 14, 2017); *Armstrong*, 2016 WL 6267931, at *7.  Because the Defendant sufficiently established that the waiting time penalties place approximately $1,863,050 in controversy, the Court calculates attorneys' fees for this claim to reach $465,762.  This does not satisfy CAFA's amount in controversy threshold.  Even accounting for the waiting time penalties and associated attorneys fees, Defendant's estimate would not meet the amount in controversy threshold under CAFA as Defendant has failed to prove, by a preponderance of the evidence, the amount in controversy for the meal and rest periods.

Because Defendant has failed to establish that the amount in controversy reaches $5,000,000, the Court declines to address diversity or numerosity.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this action to the Superior Court for the County of Los Angeles.  The Court **DENIES AS MOOT** Defendant's Motion to Dismiss.

IT IS SO ORDERED.